FILED
2016 Jan-21  PM 01:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **AMERICAN AUTOMOBILE ASSOCIATION, INCORPORATED,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No. 2:16-cv-** |
| **VS.** ) | |
| ) | |
| **DYLAN GIORGIO,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

The American Automobile Association, Incorporated (or "AAA," as the organization is commonly known) brings this Complaint for monetary damages and injunctive and other relief against Dylan Giorgio, owner and operator of "AAA Lockout & Locksmith" also doing business as "AAA Locksmith," "My 24-7 Locksmith," and "Action Locksmith," for his infringement and unauthorized use of AAA's famous AAA trademarks.  AAA alleges as follows:

### NATURE OF ACTION

1.  This is an action for trademark counterfeiting, trademark infringement, false designation of origin, unfair competition, and trademark dilution in violation of sections 32(1) and (2) and 43(a) of the Trademark Act of 1946 (or Lanham Act), 15 U.S.C. §§ 1114(1)-(2), 1125(a), (c); for violation of Alabama's trademark dilution statute, Ala. Code § 8-12-17; and for violation of the

Alabama's trademark dilution statute, Ala. Code § 8-12-17; and for violation of the common law of the state of Alabama.   AAA seeks an injunction prohibiting Defendant, Dylan Giorgio, from using in commerce AAA's "AAA" trademarks. In addition, and pursuant to section 35 of the Lanham Act, 15 U.S.C. § 1117, and Alabama law, AAA seeks compensatory damages, treble damages, Defendant's profits from the violations alleged, and the costs and attorneys' fees it incurred in bringing this action.

2.     AAA has owned the relevant "AAA" trademarks (collectively, the "AAA Marks") for decades and has achieved considerable name recognition and goodwill in them.

3.     Defendant uses the AAA Marks in commerce in connection with his business and without AAA's authorization.   Defendant uses the AAA Marks with full knowledge that AAA has not authorized him to do so.   Such use of the AAA Marks causes confusion among the public because consumers are likely to believe—erroneously—that Defendant is associated, affiliated, or connected with AAA, or that AAA has sponsored, authorized, approved, or endorsed Defendant's business, products, or services.

4.     Defendant's use of the AAA Marks also has diminished the ability of AAA's famous and distinctive AAA Marks to identify and distinguish the products

and services provided under those trademarks by AAA and its affiliated local clubs.

5.      Defendant has thus made unauthorized commercial use of the AAA Marks in the United States and in Alabama to Defendant's benefit and to the detriment of AAA and the public, in violation of the laws identified above.

## PARTIES

6.      AAA is a not-for-profit, non-stock corporation organized and existing under the laws of Connecticut and has its principal place of business at 1000 AAA Drive in Heathrow, Florida 32746.  AAA provides its more than fifty million members with a wide variety of automobile-related services and associated referral and discount services throughout the United States, including in Alabama.

7.      On information and belief Defendant is the owner and operator of "AAA Locksmith & Lockout Service," also doing business as "AAA Locksmith," "My 24-7 Locksmith," and "Action Locksmith," which operates in and around Huntsville, Alabama with its principal place of business at 2206 Walnut Street SW, Huntsville, Alabama 35805.  On information and belief Defendant resides at 2206 Walnut Street SW, Huntsville, Alabama 35805.

## JURISDICTION AND VENUE

8.      This Court has subject-matter jurisdiction over Counts 1 through 3 of

AAA's Complaint because they arise under the Lanham Act. *See* 15 U.S.C. § 1121(a); 28 U.S.C. §§ 1331, 1338. The Court has subject-matter jurisdiction over Counts 4 and 5 of AAA's Complaint because they are sufficiently related to Counts 1 through 3 that they form part of the same case or controversy under Article III of the U.S. Constitution. *See* 28 U.S.C. § 1367(a).

9. Venue is proper in this judicial district because a substantial part of the events giving rise to the claims occurred here, *see* 28 U.S.C. § 1391(b)(2), and Defendant resides in this district, *see id.* § 1391(b)(1), (c)(1).

## FACTS ENTITLING AAA TO RELIEF

### A. AAA's Widespread and Substantial Use of Its Registered AAA Marks

10. AAA has used its family of AAA Marks widely, continuously, and for decades, throughout the United States and in Alabama, to identify itself and its automobile club services and to distinguish those services from services provided by others.

11. AAA has continuously used its AAA Marks to identify itself and its authorized service providers long before Defendant began using AAA for its locksmith and lockout services.

12. AAA has registered with the United States Patent and Trademark Office more than one hundred of its trademarks, including:

a) U.S. Service Mark Registration No. 3,426,468 for the mark "AAA (& Design) Approved Auto Repair," registered on May 13, 2008, for, *inter alia*, "automobile repair services";

b) U.S. Service Mark Registration No. 3,316,227 for the mark "AAA (& Design)" registered on October 23, 2007, for, *inter alia*, "indicating membership in a(n) automobile membership club";

c) U.S. Service Mark Registration No. 2,158,654 for the Mark "AAA (& Design)," registered on May 19, 1998 for, *inter alia*, "emergency road services";

d) U.S. Service Mark Registration No. 1,168,790 for the Mark "TRIPLE A," registered on September 8, 1981 for, *inter alia*, "Automobile Association Services"; and

e) U.S. Service Mark Registration No. 829,265 for the Mark "AAA," registered on May 23, 1967 for, *inter alia*, "PROVIDING EMERGENCY ROAD SERVICE."

13.     Many of the AAA Marks, including those noted above, have been used continuously for at least five years since their registration, and have thus become "incontestable" under section 15 of the Lanham Act, 15 U.S.C. § 1065, thereby constituting conclusive and independent evidence of AAA's exclusive

right to use such AAA Marks in commerce in connection with those products and services.

14.     Only those businesses that are part of AAA's network of affiliates and approved service providers are authorized to use or display the AAA Marks. Consequently, AAA's members and the public have come to trust and believe that entities displaying the AAA Marks are affiliated with, or endorsed or approved by, AAA and that they satisfy AAA's high standards for quality and reliability.

15.     AAA enjoys a tremendous amount of goodwill and name recognition as a result of its use of the AAA Marks and its extensive advertising and promotion of the AAA Marks in Alabama and throughout the United States.

16.     The AAA Marks are distinctive:   consumers and members of the public recognize that goods and services marketed under the AAA Marks originate from, are approved or endorsed by, or are affiliated with, AAA.

17.     As a result of their widespread use and recognition, the AAA Marks have become assets of substantial value and goodwill as distinguishing symbols of AAA and the services it offers.  Indeed, the AAA Marks have become famous for the services offered by AAA, and the public has come to associate the "AAA" name with trustworthy service and advice.

**B.    Defendant's Unlawful Use of the AAA Marks**

18.     Defendant advertises and offers locksmith and lockout services to consumers through his business operating under the names, "AAA Lockout & Locksmith," "AAA Locksmith," "My 24-7 Locksmith," and "Action Locksmith."

19.     Defendant uses the AAA Marks in commerce without authorization from AAA to do so.

20.     Defendant, Defendant's employee, agent, representative, or a person in active concert or participation with Defendant maintains a webpage, http://www.my24-7locksmith.com/, and a Facebook page to advertise its locksmith and lockout services. The webpage and Facebook page include photographs and images of vehicles or logos that display the name "AAA Locksmith."

21.     Defendant maintains a registration with the City of Huntsville, Alabama for the business "AAA Locksmith."

22.     Defendant's infringing use of the AAA Marks in connection with his business is likely to confuse and mislead consumers into believing that the services offered by Defendant are approved, provided, endorsed, or rated by AAA and into believing that Defendant's services are rated positively by AAA, which they are not.

23.     Defendant has acted and used the AAA Marks with actual knowledge of AAA's longstanding and widespread use of the AAA Marks, as well as with actual knowledge that Defendant is not authorized to use the AAA Marks.

24.     Defendant's use of the AAA Marks has substantially harmed AAA, the AAA Marks, the goodwill associated with the AAA Marks, and the public.

**C.     Defendant's Failure to Comply with AAA's Demands**

25.     Upon learning that Defendant was using the AAA Marks, AAA notified Defendant in writing on July 8, 2014 and July 24, 2014 that Defendant was required immediately and permanently to cease and desist all use of the AAA Marks and that his use of the AAA Marks in connection with his business was unauthorized and violated federal and state trademark infringement and unfair competition laws.

26.     On November 24, 2014, and December 18, 2014, Counsel for AAA attempted to send further written notification to Defendant, but both letters were returned to sender.

27.     On January 15, 2015 and January 28, 2015, Counsel for AAA notified (via telephone) Defendant, Defendant's employee, agent or representative, or a person in active concert or participation with Defendant that the continued unauthorized use of the AAA Marks constitutes actionable trademark

counterfeiting, trademark infringement, false designation of origin, and unfair competition.

28.    On July 28, 2015 Counsel for AAA again notified Defendant in writing that his continued unauthorized use of the AAA Marks in connection with his business violated federal and state trademark infringement and unfair competition laws.

29.    Defendant nevertheless continues to use the AAA Marks.

30.    It is likely that Defendant's continued use of the AAA Marks in connection with Defendant's business has caused, and causes, confusion among members of the public as to whether services offered by Defendant are approved, sponsored, endorsed, or rated by AAA.  In fact, on January 28, 2015, Defendant, Defendant's employee, agent or representative, or a person in active concert or participation with Defendant admitted that he often receives phone calls from customers looking for the American Automobile Association to assist with a car lockout.

31.    Defendant's conduct is irreparably injuring AAA because AAA has lost control over the nature and the quality of goods and services that are being sold and advertised under its AAA Marks.

**Count 1**
**Trademark Counterfeiting and Infringement of**
**AAA's Federally Registered Marks**
**(15 U.S.C. § 1114(1)-(2))**

32. AAA repeats and re-alleges the allegations set forth above in paragraphs 1-31.

33. Defendant's use of the AAA Marks violates sections 32(1) and (2) of the Lanham Act, 15 U.S.C. § 1114(1)-(2), because it constitutes the use in commerce of reproductions, counterfeits, copies, or colorable imitations of AAA's federally registered AAA Marks in connection with the sale, offering for sale, distribution, and advertising of products and services identical or similar to AAA's products and services in a manner likely to cause confusion, mistake, or deception.

34. Defendant's acts have been willful and deliberate.

35. AAA has been, and continues to be, irreparably damaged by Defendant's violations of this statute, and AAA has no adequate remedy at law. Unless this Court enters an order requiring Defendant immediately and permanently to cease and desist from his unlawful use of the AAA Marks, Defendant's unlawful conduct will continue to cause injury to AAA and the public.

**Count 2**
**Trademark Infringement, Unfair Competition, and**
**False Designation of Origin**
**(15 U.S.C. § 1125(a))**

36.    AAA repeats and re-alleges the allegations set forth above in paragraphs 1-35.

37.    Defendant's use of the AAA Marks described above violates section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), because it constitutes the use in commerce of AAA's AAA Marks, of false or misleading misrepresentations of facts, (1A) which is likely to cause confusion, mistake, or deception as to the approval, origin, or sponsorship by AAA of products and services provided by Defendant, and (1B) which, in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of Defendant's goods, services or commercial activities, which accordingly constitutes unfair competition and infringement of the AAA Marks.

38.    Defendant's acts have been willful and deliberate.

39.    AAA has been, and continues to be, irreparably damaged by Defendant's violation of this statute, and AAA has no adequate remedy at law. Unless this Court enters an order requiring Defendant immediately and permanently to cease and desist his unlawful use of the AAA Marks, the violation will continue to cause injury to AAA and the public.

**Count 3**
**Trademark Dilution**
**(15 U.S.C. § 1125(c))**

40.     AAA repeats and re-alleges the allegations set forth above in paragraphs 1-39.

41.     Defendant's use of the AAA Marks described above violates section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), because it constitutes the use in commerce of AAA's AAA Marks and such use has caused and continues to cause dilution by blurring and dilution by tarnishment of the distinctive quality and reputation of AAA's famous AAA Marks.

42.     Defendant's acts have been willful and deliberate.

43.     AAA has been, and continues to be, irreparably damaged by Defendant's violation of this statute, and AAA has no adequate remedy at law. Unless this Court enters an order requiring Defendant immediately and permanently to cease and desist his unlawful use of the AAA Marks, the violation will continue to cause injury to AAA and the public.

**Count 4**
**Alabama Trademark Dilution**
**(Ala. Code § 8-12-17)**

44.     AAA repeats and re-alleges the allegations set forth above in paragraphs 1-43.

- 12 -

45.   Defendant's use of the AAA Marks described above violates section 8-12-17 of the Alabama Code, Ala. Code § 8-12-17, because it constitutes the commercial use of a famous and distinctive mark, after the famous mark has become famous, and because such use is likely to cause dilution of the famous mark.

46.   AAA's AAA Marks are famous because they are widely advertised throughout the state of Alabama, a large volume of goods and services are sold under the AAA Marks, the AAA Marks are widely recognized by the general consuming public of Alabama as a designation of source of the goods and services that AAA provides, and the AAA Marks are registered on the principal register under the Trademark Act of 1946.

47.   Defendant willfully intended to cause dilution of the famous AAA Marks.

48.   AAA has been, and continues to be, irreparably damaged by Defendant's violation of this statute, and AAA has no adequate remedy at law. Unless this Court enters an order requiring Defendant immediately and permanently to cease and desist its unlawful use of the AAA Marks, the violation will continue to cause injury to AAA and the public.

## Count 5
## Common Law Trademark Infringement

49.     AAA repeats and re-alleges the allegations set forth above in paragraphs 1-48.

50.     Defendant's unauthorized use of the AAA Marks in connection with the advertising and sale of his goods and services constitutes common law trademark infringement and unfair competition because it constitutes the use in commerce of AAA's AAA Marks, which is likely to cause confusion, mistake, or deception as to the approval, origin, or sponsorship by AAA of products and services provided by Defendant, and which accordingly constitutes infringement of the AAA Marks.

51.     Defendant's acts have been willful and deliberate.

52.     AAA has been, and continues to be, irreparably damaged by Defendant's violations of the common law, and AAA has no adequate remedy at law.   Unless this Court enters an order requiring Defendant immediately and permanently to cease and desist his unlawful use of the AAA Marks, Defendant's unlawful conduct will continue to cause injury to AAA and the public.

## PRAYER FOR RELIEF

53.     In view of the foregoing, AAA prays for the following relief:

    a)     An injunction:

(1) requiring Defendant and his agents, servants, employees, attorneys, and any and all persons in active concert or participation with him immediately and permanently to cease and desist from all use of the AAA Marks, or of any combinations of the letters "A," of AAA's orbital design, or any other confusingly similar mark in any form or manner that resembles, suggests, or intimates that Defendant's business is approved or endorsed by, or otherwise affiliated with AAA including, but not limited to, use of the phrase "Triple A";

(2) requiring Defendant, pursuant to section 36 of the Lanham Act, 15 U.S.C. § 1118, to destroy all literature, signs, billboards, labels, prints, packages, wrappers, containers, advertising materials, stationery, and other items in its possession or control that contain the AAA Marks or any term, symbol, or logo confusingly similar to those marks; and to destroy any and all means in its possession or control of making any of those infringing items;

(3) requiring Defendant to have deleted or removed from publication any advertisements paid for or used by him

containing any of the AAA Marks and any other name, mark, or logo confusingly similar to them;

(4)     requiring Defendant permanently to delete, destroy, and remove all electronic content, including all websites, domain names, and other electronic materials displaying the AAA Marks and any other name, mark, or logo confusingly similar to them;

(5)     requiring Defendant to instruct third parties to remove any reference to the AAA Marks including but not limited to reference to "AAA Locksmith & Lockout Services," "AAA Lockout Service" and "AAA Locksmith" on websites, publications, or other electronic materials;

(6)     requiring Defendant permanently to cease use of any search engine optimization techniques, including ad words or keywords, that use the AAA Marks;

(7)     requiring Defendant to file with the Court and serve on AAA, within thirty days after entry of an injunction, a report in writing under oath setting forth in detail the manner in which Defendant has complied with the Court's injunction and orders; and

b)   Monetary damages equivalent to:

(1)   Statutory damages pursuant to 15 U.S.C. § 1117(c) in the amount of $2,000,000 per counterfeit mark, per good or service used by Defendant;

(2)   AAA's damages caused by Defendant's unlawful conduct, as described above;

(3)   The profits earned by Defendant as a result of the sale of products and services using the AAA Marks or as a result of Defendant's display or advertisement of the AAA Marks;

(4)   All state and federal statutory and common-law relief available, including but not limited to the damages provided for by Alabama law and treble damages provided for by section 35(b) of the Lanham Act, 15 U.S.C. § 1117(b);

(5)   All costs and reasonable attorneys' fees incurred in connection with this action, plus appropriate interest thereon;

(6)   Any punitive or enhanced damages available due to Defendant's willful and deliberate conduct; and

c)   Such other and further relief as the Court may deem just and proper.

Dated: January 21, 2016                    Respectfully submitted,

Kevin C. Newsom
R. Thomas Warburton
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone:  (205) 521-8000
Facsimile:   (205) 521-8800


Bobby R. Burchfield
Chandra M. Kurien
(to be admitted *pro hac vice*)
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Suite 200
Washington, D.C.  20006
Telephone:  (202) 737-0500
Facsimile:   (202) 626-3737

*Attorneys for the American Automobile Association*


**SERVE DEFENDANT**:
Dylan Giorgio
2206 Walnut Street SW
Huntsville, Alabama 35805